IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OSCAR DE JESUS-MALDONADO

  Plaintiff

    v.                                                                  **Civil No.** 09-1574

VETERANS ADMINISTRATION
HOSPTIAL, ET AL

  Defendants

**Opinion & Order**

Pending before this Court is Defendant Veterans Administration Hospital's ("VA") motion to dismiss (Docket # 8). Plaintiff, Oscar De Jesus-Maldonado ("De Jesus"), has not proffered an opposition. After reviewing the filings, and the applicable law, Defendants' motion to dismiss is **GRANTED**.

**Factual & Procedural Background**

On June 25, 2009, the VA removed the present lawsuit, which Plaintiff originally filed *pro se* in the Puerto Rico Court of First Instance - San Juan Section. See Docket # 8, Exh. I. Plaintiff alleges that he underwent surgery at the San Juan VA Hospital on May 21, 2008, and that various weeks later he realized a 12 inch-long wire was left in his body by the attending physician and nurses. See also Docket # 1-4 at 4. As a result, Plaintiff allegedly had to be operated on again, which led to a kidney failure, excruciating pain, and a nearly fatal infection. Id. In order to seek redress for his perceived injuries, he brought the present claim under Article 1802 of the Civil Code of Puerto Rico.

The VA answered plaintiff's claim with a notice of removal to this Court, alleging that the present matter is the exclusive jurisdiction of the Federal Tort Claims Act (FTCA). 28

**CIVIL NO. 09-1574 (SEC)**                                                                                                  Page 2

U.S.C.§ 2671 et seq. Furthermore, the VA alleges that the FTCA and 28 C.F.R. 13.604(a) require that tort claims against the agency and its employees first be submitted to administrative review. To wit, the VA has submitted an affidavit showing that a review of the VA's records affirms that Plaintiff has not filed an administrative tort claim in this VA region. See Docket # 8, Exh. I. In light of this, the VA filed the present motion alleging that this Court lacks subject matter jurisdiction, and that the United States of America is the only proper party defendant in a suit of this nature. Because Plaintiff has not opposed the present motion to dismiss, he has waived his opportunity to present counter arguments.

**Standard of Review**

FED. R. CIV. P. 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. Id. (citations omitted). When faced with a similar jurisdictional challenge, this Court must ". . . give weight to the well-pleaded factual averments in the operative pleadings [. . .] and indulge every reasonable inference in the pleader's favor." Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dept. of Homeland Sec., 510 F.3d 1, 8 (1st Cir.2007).

A plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D. P.R. 2001). However, in order for a plaintiff's claim to be dismissed for lack of subject matter jurisdiction, due to the inadequacy of the plaintiff's federal claim, that claim must be ". . . so

**CIVIL NO. 09-1574 (SEC)**                                                                 Page 3

insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974). In this context, this Court is empowered to resolve factual disputes by making reference to evidence in the record beyond the plaintiff's allegations without having to convert the motion to dismiss into one for summary judgment. See Lord, 789 F. Supp. at 33 (D. Me. 1992); see also SURCCO, 157 F. Supp. 2d at 163 (D. P.R. 2001). "Where a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact." Hernández-Santiago v. Ecolab, Inc., 397 F. 3d 30 (1st Cir. 2005). Therefore, the court may consider extrinsic materials, "and, to the extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegations." Dynamic, 221 F. 3d at 38. That is, the principle of conversion of a motion to dismiss into a motion for summary judgment when extrinsic materials are reviewed, does not apply in regards to a motion to dismiss for lack of subject matter jurisdiction. Id.

**Applicable Law & Analysis**

The FTCA acts as a waiver of the United States's sovereign immunity for some torts claims. And its section 28 U.S.C.§ 1346(b)(1) establishes that the United States District Courts have exclusive jurisdiction for claims against the United States. The statute also "provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 80 (2nd Cir. 2005). Because of the exclusive nature of the remedy, an FTCA action may not be brought in conjunction with a state law tort claim, such as Article 1802.

**CIVIL NO. 09-1574 (SEC)**                                                                                   **Page 4**

Furthermore, the FTCA immunizes most federal employees and agents from " . . . liability for negligent or wrongful acts done in the scope of their employment." Id.

The VA successfully argues that Plaintiff erred when he filled the present suit *eo nomine* against the agency, and other individual defendants. The First Circuit has interpreted that the FTCA bars suit bars tort suits directed against federal agencies and their employees *eo nomine*. Armor Elevator Co., Inc. v. Phoenix Urban Corp., 655 F.2d 19, 22 (1st Cir. 1981). Rather FTCA claims must be brought against the United States directly. Accordingly, all claims against the VA, and the individual co-defendants are hereby **DISMISSED WITH PREJUDICE**.

If the only defect in Plaintiff's complaint were the parties he named, or his choice of law, this Court would permit Plaintiff to amend the complaint due to his *pro se* status. Nevertheless, FTCA claims require that in order for the United States to waive its immunity "an administrative claim be filed and finally denied. . ." Celestine v. Mount Vernon Neighborhood Health Center, 283 F. Supp. 2d 392, 399 (S.D.N.Y. 2003); McNeil v. United States, 508 U.S. 106, 113 (1993)**.** Thus, "an administrative claim is thus an absolute jurisdictional prerequisite to litigation." Ewing v. Beth Israel Deaconess Medical Center, No. 09-11128, 2009 WL 2425966 (D. Mass. 2009); see also Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir.2002). Plaintiff has not alleged that he filed an administrative complaint, and the VA has proffered evidence that no effort has been made to bring the grievance before the agency. Accordingly, this complaint must be **DISMISSED**. Plaintiff may pursue administrative remedies with the VA, and then, if necessary, file a new claim against the United States.

**CONCLUSIONS**

For the foregoing reasons, the present claim is **DISMISSED**. Judgment shall be entered accordingly.

**CIVIL NO. 09-1574 (SEC)** **Page 5**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 24th day of August, 2009.

                                      *S/ Salvador E. Casellas*
                                      SALVADOR E. CASELLAS
                                      United States District Judge